## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| VERNON E. MILLER, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-00087-SNLJ |
| ) | |
| BILL STANGE, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on six separate motions filed by petitioner Vernon E. Miller. The Court will address each motion below.

### Motion for Leave to Proceed in Forma Pauperis

First, petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 7). The motion will be denied as moot as petitioner has paid the $5.00 filing fee.

### Motion for Appointment of Counsel

Second, petitioner has filed a motion for appointment of counsel. (Docket No. 8). There is neither a constitutional nor statutory right to the appointment of counsel in a federal habeas proceeding under 28 U.S.C. § 2254. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). *See also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (explaining that a "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition, and failure to appoint one in the circumstances of this case was not an abuse of that discretion").

A court may appoint counsel for a self-represented petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice," a court may provide representation for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28"). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

In this case, petitioner has demonstrated an ability to present his claims to the Court. Furthermore, respondent has not yet had an opportunity to respond to the petition. Therefore, the Court will deny petitioner's motion for appointment of counsel at this time. The Court will entertain a future motion for appointment of counsel as the case progresses.

## Motion for Acquittal

Third, petitioner has filed a motion for acquittal. (Docket No. 9). In the motion, he alleges that the Missouri Court of Appeals erred in reversing the circuit court's vacating of his conviction and sentence. To challenge his state conviction in federal court, petitioner must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Crouch v Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that not only was § 2254 an appropriate vehicle for state prisoner's claims, it was, "as a practical matter, the only vehicle"). This petition must "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." *See* Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts.

Here, petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, which contains his grounds for relief. (Docket No. 1). His motion for acquittal, however, does not

constitute an appropriate vehicle for challenging his state judgment in this Court. Therefore, the motion will be denied.

### Motion for Evidentiary Hearing and Motion for Hearing

Next, petitioner has filed a motion for evidentiary hearing (Docket No. 10) and a motion for hearing (Docket No. 13). The motions will both be denied at this time, as respondent has not yet had the opportunity to respond to petitioner's 28 U.S.C. § 2254 petition.

### Motion to Proceed Expeditiously

Finally, petitioner has filed a motion to proceed expeditiously. (Docket No. 12). The motion will be denied, as the case will proceed pursuant to the case management order that has been separately entered in this action.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Docket No. 8) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that petitioner's motion for acquittal (Docket No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for an evidentiary hearing (Docket No. 10) and his motion for hearing (Docket No. 13) are **DENIED** at this time.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed expeditiously (Docket No. 12) is **DENIED**.

Dated this 19th day of August, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE